**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN**

From: Atty. Leilani J. Amundson
5202 Timber Lane
McFarland, WI 53558
phone: (608)347-7947
WI Member #1040329
(Attorney for John Doe #10)

| | |
|---|---|
| TCYK, LLC., | CIVIL ACTION No. 3:13-cv-00300 |
|     Plaintiff, | |
| vs. | MOTION TO QUASH OR MODIFY SUBPOENA |
| DOES 1-99, | |
|     Defendants. | |

# MOTION TO QUASH OR MODIFY SUBPOENA

This motion is in response to a letter that my client, John Doe #10, received from his ISP (Charter Communications, INC.) dated July 8th, 2013 with regard to the IP# 68190173226. The letter indicated that this court subpoenaed Charter Communications, Inc. to provide plaintiff with my client's restricted and personally identifiable information. The letter also included a copy of the Order Granting Plaintiff's Application for Leave to Take Early Discovery and Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. I am filing this motion to object to the release of my client's personal information. In consideration of this motions nature, I am also requesting that the court accept this motion without provision of my client's name. My client has sufficient standing to object due to having an applicable privacy interest and an applicable personal interest. *See, e.g., Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Co. 1997); *Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *3 (E.D. Mich. Dec. 10, 2008).

## INTRODUCTION

Mass joinder copyright violation lawsuits have recently inundated Federal Courts. Generally, the lawsuits begin by joining as many John Doe defendants as possible under a single case, then using early discovery and subpoenas to obtain their actual names and contact information, then sending them threatening demand letters, before voluntarily withdrawing the lawsuit. The cases are rarely if ever pursued due to the difficulties of successfully obtaining judgments in cases of this complexity, much less, successfully collecting against individuals of unknown means. The goals of the suits then are not to obtain judgments, but to "troll" for gullible individuals who lack means for representation or lack legal savoir-faire. Although few can doubt the negative social costs of pirating of movies and related copyright violations on individuals and the economy, the exploitative

flavor of these actions have deeply concerned many courts.

> As Judge Harold A. Baker noted in denying a similar cases motion for expedited discovery:
>
>> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23. *See VPR Internationale vs. Does 1-1017 case 2:2011cv02068.*

## ARGUMENT

**1) Plaintiff Has Improperly Joined 99 Individual Defendants Based on Entirely Disparate Alleged Acts**

The Plaintiff's joinder denies defendants individual justice and fairness. Mass joinder of individuals has been unaccepted by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants. *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P.20.

Thus, a single lawsuit may join multiple defendants only when three conditions are met:

(1) right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101* case 4:2011cv02533 (severed does 2-101)
> *IO Group, Inc. v. Does 1-435* case 3:2010cv04382 (severed does 2-435)
> *Diabolic Video Productions, Inc v. Does 1-2099* case 5:2010cv05865 (severed Does 2-2099);
> *New Sensations, Inc v. Does 1-1768* case 5:2010cv05864 (severed Does 2-1768).

In yet another, nearly identical BitTorrent case filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems. He wrote in his Order Denying Request for Leave to Take Early Discovery, "This Court does not issue fishing licenses." Also, these nearly identical BitTorrent cases have been severed for improper joinder in the Northern District of California:

> *Boy Racer, Inc v. Does 1-52* case 5:2011cv02329 (severed Does 2-52)
> *Boy Racer, Inc v. Does 1-71* case 5:2011cv01958 (severed Does 2-7).

Courts across the country have rejected joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the *same* ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court, *sua sponte,* severed

multiple defendants in action where the only connection between them was the bare allegation that they used the same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04- CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder). These cases involved actions by defendants nearly identical to the allegations by TCYK, LLC.

Plaintiff may argue that, unlike the RIAA cases, its allegations are based upon use of the Internet to infringe a single work of creativity from the same "swarm" of activity. While that accurately describes the facts and wording of the process alleged in this case, it does not change the legal analysis. Whether or not the alleged infringement concerns a single

copyrighted work or many, the plaintiff adequately reveals in their *Exhibit B* that the alleged damage was committed, by unknown and unrelated defendants, at different times and from different locations, sometimes using different ISPs as well as different programs, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. (See *BMG Music v. Does 1-203*, 2004 WL 953888 at *1). Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in the same fashion as Plaintiff alleges BitTorrent, Vuze or uTorrent operates. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource ("swarming") downloading for over 10 years, while not legal but remaining subject to long-held joinder principles.

Discussions of the technical details of the BitTorrent protocol aside, or "Vuze", in my client's case, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has not alleged that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive which appears to be a primary cause for these types of litigation) for Plaintiff by enabling plaintiff to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles do not apply. Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-99, from the case. *See* Fed. R. Civ. P. 21.

**2)** **Plaintiff created an undue burden to third parties in this action against the IPS, and defies the balance test to pursue investigative revelation of personally**

### identifying information

Plaintiff's request fails a long-held balancing test. Plaintiff's pursuit of damages contains an additional disruption of long-held copyright law history, which has previously enjoyed a balance of withholding enforcement of certain illegal activity due to the costs of resources and finances outweighing the actionable offense. Federal Rules of Civil Procedure (FRCP) 45(c) provides for certain protection of third parties subject to subpoenas. Primarily, plaintiff had an obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena," and that the court should "enforce this duty." FRCP 45(c)(1).

In addition to the judicial strain on resources of time and docket space for 99 potential trials, the strain on third parties such as John Doe #10, far exceeds the benefit toward the copyright. John Doe #10 will likely face severe economic as well as reputational injury from having to defend against the accusations, endure harassment from the plaintiff attorney(s) and/or staff and embarrassment from the process expected from this masked form of profiteering for plaintiff's law firm. The daunting process of defending against such inquisitions and related expense far outweighs the potential benefit from the questionable legitimacy and intent of this subpoena, whether it is to replace the producers of the movie in question to a rightful place while championing the rights of its creators and extend damages to that extent, or extort settlements from vulnerable, unsuspecting and anonymous defendants, in essence enforcing copyrights for profit, under the guise of injunctive relief. The quantum of burden to the defendant far outweighs the quantum of relevance in these style of cases. *FED. R. CIV. P. 26(b)(2)(C)(iii).*

### 3) Plaintiff's subpoena requests vague and indeterminate damages from vague and indeterminate defendants

Plaintiff sets forth the basis for their discovery related to infinite damages, from a

vague assessment of potential harm, on a flawed premise of "BitTorrent protocol" suggesting a necessary source of download potential. Plaintiff assesses their damage as infinitely described and which "good cause" for issuance of this related subpoena relies upon. A factual BitTorrent protocol description would seemingly require an immense amount of in-depth technical analysis to somehow make the leap that is unlike file sharing from past cases. TCYK, LLC., is, in fact, relying on faulty or subjective descriptions of the process of P2P file sharing. Further, the subpoena issued requires that the information seeking to be obtained, be relevant. See *Syposs v. United States, 181 F.D.R.224, 226 (W.D.N.Y. 1998),* which indicated that anyone with a laptop and passing by the IP identified router could be implicated, which is also an infinitesimal potential number of people.

An IP address is not equivalent to a person, other personally identifying evidence as it could implicate anyone in a home, visiting a home, living next to a home, or travelling past a home tapping in to WI-FI. The vague, overbroad, open-ended searches and inquisitions involved in these style of cases should be limited; John Does across the nation should be protected, not from committing illegal acts, but from invasive, "possible-maybe-let's see" fishing expeditions and investigations which strip these individuals of certain rights afforded by long standing legal tradition.

## CONCLUSION

Plaintiff may be entitled to legal redress for crimes committed on copyright grounds. However, plaintiff has wrongfully and unfairly enjoined 99 individuals in this suit, seeking privileged information from the IPS, based solely on the premise that unknown parties at the IP addresses engaged in downloading a single movie at different times, in different places, from different devices, possible intentional, possibly unintentional, and with potentially widely varying defenses. Past courts have recognized this fashion of joinder as inappropriate. We request that the court should only allow this copyright claim when the plaintiffs show

*actual* harm to the incentive to further create or distribute the work entitled "*The Company You Keep*", which was lacking standard "take down" notice protocol or other *cease and desist* requests, or any attempts to avoid damage, it is foreseeable that ceasing and desisting would hardly satisfy the plaintiff and the aforementioned letters and phone calls, letters and other harassing behaviors can be expected, without the courts protection.

For the preceding reasons, John Doe #10 respectfully requests the court to enter an Order Quashing the Subpoena issued to Charter Communications, Inc. preventing John Doe #10's IPS from divulging defendant's name and/or other identifying information to the Plaintiff who provides vague standing to sue some unknown person, who is vaguely similar to the other Defendants listed, for vaguely assessed damages. This request is also in furtherance of preventing defendants from undergoing an undue burden by either by litigation or by accepting blame or presumption of guilt due to intimidation and fear of Plaintiff's tactics. I respectfully reserve the right to request sufficient attorney fees to defend against this frivolous action lacking substantive ground due to its vagueness, improper joinder and creation of an undue burden thus supporting additional action to severe and dismiss John Doe #10, with prejudice, if it may please the court.

Dated: July 17th, 2013                                                                 Respectfully submitted,


    s/Leilani J. Amundson
Atty. Leilani J. Amundson
WI State Bar #1040329
leilaniamundson@gmail.com
(608)347-7947