IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

TCYK, LLC, Plaintiff,
vs.
DOES 1-99, Defendants.

CASE No. 13cv BRK
MOTION TO QUASH OR
MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

I recently received a letter from my ISP regarding a subpoena, which included a copy of an Order Granting the Plaintiff's Application for Leave to Take Discovery. From accounts of previous defendants of cases similar to the one mentioned above, these subpoena notifications are followed by demand letters. These letters -- which demand money to avoid dealing with their lawsuit (which I am wrongfully accused) -- and their phone calls, as well as other future harassing correspondence are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing any personally identifying information.

### INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Keith A. Vogt / Takiguchi & Vogt, is using improper joinders in their mass lawsuits **alleging** copyright infringement through the use of BitTorrent technology. These lawsuits include thousands of defendants in the Western District of Wisconsin alone. Keith A. Vogt / Takiguchi & Vogt also has filed mass lawsuits in Illinois, and Minnesota including similar BitTorrent cases.

### ARGUMENT
**1) Plaintiff has improperly joined 99 individual defendants.**

The basics of joinder are governed by the Federal Rules of Civil Procedure, the purpose is "to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." Rule 20(b) states that "the court may issue orders-including an order for separate trials-to proctect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." FRCP 20(a) & (b).

Federal Rule of Civil Procedure 21 states that "misjoinder of parties is not a ground for dismissing an action" and the court may remedy improper joinder by "dropping" a party and severing the claim against that party. FRCP 21.

Each of the 99 John Does would be entilted to a seperate trail, though the accusing party, TCKY LLC., paid only one filing fee.

> In *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, the court notes before dismissal:
> "If the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350".

Later, Judge Milton Shadur writes about the the acting attorney's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> *This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-*

> *considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.*
> **CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)**

The plaintiff in other cases similar to this accuse that the alleged file was from a bit torrent site where the plaintiff will have to prove that the Does, or their computers, ever communicated with each other. At best, the John Does MAC addresses may have been part of the same swarm, used to reassemble the alleged file, if they can prove the dates and exact times were the same. Most likely they want to show that each Doe defendant's MAC address communicated via BitTorrent with the "investigator's" computer on different dates, using the same software to access the same internet file. And then they need to make sure it was actually the defendants computer that was used to reassemble the alleged file.

> *Since it is not possible to show that all of the John Doe's were working "in concert" with one another, we move there is insufficient evendince to support the joinder. To say that the claims arouse from the same "series of transactions" would "invalidate decades of precedent in patent, copyright and trademark litigation. If the same defendant repeatedly infringes, then all of those acts of infringement may be joined as a "series." If different parties infringe, there is no basis for joinder simply because they infringe the same copyright, patent or trademark.*
> United States Magistrate Judge John A. Gorman of Peoria, Illinois relating to cases:
> *Malibu Media v. Does 1-34*, No. 12-1188, *Malibu Media v. Does 1-7*, No. 12-1189,
> *AF HOldings v. John Doe*, No, 12-1258, *Ingenuity 13 v. John Doe* No. 12-1259,
> *Ingenuity 13 v. John Doe* 12-1260, *Malibu Media v. Does 1-9* No. 12-1280,
> *Patrick Collins v. Does 1-7* No. 12-1281, *Third Degree Films v. Does 1-24* No. 12-1341,
> *Malibu Media v. Does 1-12* No. 12-1342, *AF Holdings v. John Doe* No. 12-1398, and
> *Malibu Media v. Does 1-4*, No. 12-1493.

There is no question that joinder has necessitated the expenditure of a great deal of judicial resources. As one court has noted, It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial would be inefficient, chaotic, and expensive. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross.

These difficulties would place tremendous burden on Defendants as well because each Defendant would have the right to be present at every other Defendant's depositions, a thoroughly unmanageable and expensive ordeal. And, *pro se* Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost.

> *The court cannot permit a case to proceed in this manner.*
> **Pacific Century, 2011 WL 5117424 at \*3, cited in re: BitTorrent Cases, 2012 WL 1570765 at \*12.**

A number of courts in BitTorrent cases have recognized the effect of joinder on the court as well as on the John Doe defendants:

> *... these mass copyright infringement cases have emerged as a strong tool for leveraging settlements a tool whose efficacy is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.*
> **Pacific Century, 2011 WL 5117424 at \*3,**

> *also cited in In re BitTorrent Cases, 2012 WL 1570765 at \*12*

This theory has been demonstrated in a number of the cases pending in Illinois.
> *24 of the original 34 John Does have now been voluntarily dismissed, presumably because they have paid some amount to settle the claim.*
> <u>*Malibu Media v. Does 1-34*</u>, *No. 12-1188*


**2) The John Doe they are accusing is not me.**

A MAC and/or IP address is not sufficient evidence to convict someone of copyright infringement. While an IP address for a device is unique, it is not necessarily associated with any one computer and definitely not associated with any one computer user. If their investigative techniques were in fact accurate with their findings, it is critical that the time they took a snapshot of the illegal activity needs to be present on both the defendant and plaintiff's computer, though computer clocks may drift if not properly reset or for other reasons. ISP's can change IP addresses whenever they feel like it, normally after extended periods of inactivity, but with a shortage of IP address ISP change them more frequently.

If I had an open WiFi network, any person near my home or apartment would be able to log onto my MAC address without my knowledge. If I have a password protected WiFi network, everyone who lives in my residence along with any friends or visiting relatives have the password, which is as normal as them using my telephone. I have no control over their internet activity, nor the ability to control if they shared my password with any other person. People can use remote logins such as VPN's or may be "tethering" off of my internet account.

Different forms of of malware can route traffic through other computers, unbeknownst to the owner of that computer, this malware is very common in these sorts of incidence. I would have no idea that someone else far away is using my internet connection for malicious intent. If something wrongful happened with my MAC or IP address it would be impossible to prove that I am responsible without examining all potential scenarios, for each John Doe.

<u>CONCLUSION</u>

I ask that you to think about the underlying agenda of the early subpeona, where the plaintiff requests more information (telephone number and email address) than needed to effect service of process. Multiple judges in various cases state that this is nothing other than a fishing expedition for these law firms to obtain personal information used to extort money by using fear mongering techniques. In many cases where these firms are successful in obtaining personal information, the no longer John Doe's begin receiving harassing phone calls and letters demanding early settlement to make it go away. This sounds like blackmail to me. Even if you are innocent, the settlement amount usually doesn't outweigh the cost of obtaining a lawyer and going to trial.

> *United States District Judge Robert S. Lasnik, of Seattle, Washington says that:*
> *"As the full extent of this assignment has become clear, the Court admits to some concerns regarding both the appropriateness of joinder and the possibility that the judicial authority of the United States may be used to wrest improvident settlements from pro se litigants under threat of huge statutory penalties. The court is not alone: other judicial officers in the Ninth Circuit are beset by the same concerns and have taken various paths to mitigate the potential for abuse"*
> <u>*Riding Films v. Does 1-44*</u>, *No C13-0277TSZ-RSL,*
> <u>*Ingenuity 13 LLC v. John Doe*</u>, *NO 2:12-cv-933-ODW(JCx) (C.D. Cal. May 6, 2013);*
> <u>*Voltage Pictures, LLC v. Does 1-12*</u>, *No. 2:13-292-AA (D. Or. May 4, 2013).*

In another BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> *Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by*

*means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.*
***VPR Internationale vs. Does 1-1017 case 2:2011cv02068***

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

***Pacific Century International LTD v. Does 1-101 case 4:2011cv02533*** *(severed does 2-101)*
***IO Group, Inc. v. Does 1-435 case 3:2010cv04382*** *(severed does 2-435)*
***Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865*** *(severed Does 2-2099)*
***New Sensations, Inc v. Does 1-1768 case 5:2010cv05864*** *(severed Does 2-1768)*

*In yet another nearly identical BitTorrent case, filed in the Northern District of California, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;"*
***Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258,***

And these nearly identical BitTorrent cases in the Northern District of California brought forth by the same plaintiff have been severed for improper joinder:

**Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)**
**Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)**

*"the Plaintiffs and their counsel are put on notice that any future subpoenas issued by this Court will be similarly limited, whether in these cases or in newly-filed cases." United States Magistrate Judge John A. Gorman, Peoria, IL.*

I ask that you take these facts, concerns and recent court findings into consideration when making your decision on wether or not you will allow plaintiffs such as TCYK, LLC. to behave in manners that are unethical and without proper investigation, simply to misuse the court system for monetary gain.

Thank you for your time in this matter.

Sincerely,

John Doe
*pro se*