UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED

2013 JUL 22  AM 10: 09

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

| | | |
|---|---|---|
| TYCK, LLC<br>    Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action o. 13-CV-300 |
| DOES 1-99<br>    Defendant | ) ) ) | |

## OBJECTION TO DISCLOSE PERSONAL INFORMATION

Now comes, a Charter subscriber, who wishes to stay anonymous, objects before the US Court that the Subscriber has no knowledge of the copyrighted Work: *"The Company You Keep"*. Subscriber has internet at their residence but due to lack of technology skills, their internet settings had no password on their internet modem/router. Subscriber further alleges that Subscriber has not downloaded or any other way received the copyrighted work from any source.

Therefore, Subscriber objects to Plaintiff's request to provide personally identifying information to Plaintiff in this matter. Please be informed that the security settings on the Plaintiff's internet router/modem are changed, which in turn will stop any open sharing of the internet connections.

Signed on this 22nd day of July, 2013.

_____
Charter Subscriber

DOC NO
REC'D/FILED
2013 JUL 22 AM 10: 10
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

# UNITED STATES DISTRICT COURT
for the
Western District of Wisconsin

TCYK, LLC

*Plaintiff*
v.
DOES 1-99

*Defendant*

Civil Action No. 13-cv-300

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Charter Communications, Inc.
C/O CSC-LAWYERS INCORPORATING SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400, MADISON, WI 53717

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Per the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in cost-effective format if you inform us of your preferred format.

Place: Keith A. Vogt/ Takiguchi & Vogt
1550 West Carroll, Chicago, Ill 60607

Date and Time:
July 29, 2013

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:                                              Date and Time:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: May 31, 2013

*CLERK OF COURT*
                                              OR
                                                          S/KEITH VOGT

*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
TCYK, LLC Keith A. Vogt Takiguchi & Vogt 1550 West Carroll Chicago, , who issues or requests this subpoena, are:
708.203.4787, KVOGT@TAKIGUCHIANDVOGT.COM

DOC NO
REC'D/FILED
2013 JUL 22 AM 10: 10
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TCYK, LLC, )
)
) Case No.: 13-cv-300
Plaintiff, )
)
v. )
)
DOES 1-99, )
)
Defendants. )

### ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve third party subpoenas on the Internet Service Providers listed on Exhibit A to the Motion (the "ISPs"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

   the term "cable operator" means any person or group of persons

   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

   shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

   A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

   by sending a copy of this Order to the Defendant.

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. If any particular Doe Defendant has been voluntarily dismissed then any motion filed by said Defendant objecting to the disclosure of his or her identifying

information is hereby denied as moot. Notwithstanding the foregoing, the applicable ISP shall withhold the moving Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED this 17th day of May, 2013.

By _____
UNITED STATES DISTRICT JUDGE