**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| | ) Case No.: 13-CV-300 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOES 1-99, | ) |
| | ) |
| Defendants. | ) |

**OBJECTION TO MOTION TO QUASH OF
DOE 64, OWNER OF IP ADDRESS 24.181.168.7 [Document #: 25]**

Doe 64's objection to the subpoena appears to be based on privacy concerns and a claim that someone else did it. Yet, as a general rule, a party lacks standing under Rule 45(c)(3) to challenge a nonparty subpoena unless the party claims a personal right or privilege with respect to the requested discovery. *Geralyn Masterson v. Stueber's Inc. et al.,* No. 10-cv-608 (W.D. Wis. April 27, 2011).

To the extent Doe 64 has any concerns about the potential misuse of the identifying information, this Court's Order permitting discovery already provides adequate safeguards by restricting Plaintiff's use of Doe 64's identifying information to protecting and enforcing its rights as set forth in its Complaint. Moreover, to the extent Doe 64 is claiming that disclosure of any identifying information would constitute a violation of privacy, such a claim is not valid because Doe 64 does not have a legitimate expectation of privacy to information that was voluntarily disclosed to the ISP. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co.* v. Does 1-4, 577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("[C]ourts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers." (collecting cases)); *Malibu*

1

*Media, LLC. v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307 (D. Co. July 14, 2013) (same). Nor was any evidence provided to the Court indicating that Plaintiff or counsel have misused any defendants' identifying information.

As to the denial of liability, this argument is "simply not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once the parties are properly into the suit." *Hard Drive Prods. V. Does 1-48*, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012) (internal quotation marks and citations omitted).

Thus, Plaintiff respectfully requests that Doe 64's motion be denied so that the claims against Doe 64 may be advanced.

DATED: July 23, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　TCYK, LLC

　　　　　　　　　　　　　　　By:　<u>s/ Keith A. Vogt</u>
　　　　　　　　　　　　　　　　　　Keith A. Vogt (Bar No. 6207971)
　　　　　　　　　　　　　　　　　　Takiguchi & Vogt
　　　　　　　　　　　　　　　　　　1415 West 22nd Street, Tower Floor
　　　　　　　　　　　　　　　　　　Oak Brook, IL 60523
　　　　　　　　　　　　　　　　　　773.340.9469
　　　　　　　　　　　　　　　　　　KVogt@takiguchiandvogt.com
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff