IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TCYK, LLC,

    Plaintiff,

v.

DOES 1-99,

    Defendants.

ORDER

13-cv-300-slc

---

In this civil lawsuit, plaintiff TCYK has alleged that defendants Does 1 - 99 have violated plaintiff's copyright on the motion picture "The Company You Keep." Currently before the court are five motions to quash and nine objections from six identified Doe defendants (Does Numbered 42, 64, 71, 78 , 85 and 99) and eight different but otherwise undifferentiated Doe defendants. *See* dkts. 11-12, 14-16, 18-24, 33 and 38. These motions and objections run the gamut from terse placeholders (*e.g.,* dkt. 14) to carefully organized legal briefs with case citations. (*e.g.,* dkts. 18, 21).

On August 13, 2013, Chief Judge William M. Conley entered orders addressing the issues here in two similar cases: *Breaking Glass Pictures, LLC v. Does 1 - 15*, 13-cv-275 wmc (dkt. 12) and *TCYK, LLC v. Does 1- 13*, 13-cv-296 (dkt. 14). I agree with and adopt the court's reasoning and conclusions in those two orders. As a result, no Doe defendant is entitled to have plaintiff's subpoena to an ISP quashed, but each Doe defendant is entitled to have his/her identity sealed and maintained in confidence pending further order of this court in this case. This order applies to all Doe defendants in this lawsuit, including those who have not filed objections or motions to quash.

ORDER

IT IS ORDERED THAT:

(1) To the extent that the Doe defendants have filed objections and motions that seek to quash the subpoena issued by plaintiff to their internet service provider in this lawsuit, those objections and motions are DENIED.

(2) To the extent that these objections and motions by Doe defendants were intended to seek a protective order maintaining the confidentiality of a Doe defendant's identity, those objections and motions are GRANTED.

(3) The internet service providers who have been served subpoenas seeking the identity of Doe defendants in this lawsuit shall comply with these subpoenas on a confidential basis to plaintiff's counsel– on an attorney's eyes only basis for now–and to each Doe defendant separately and individually.

(4) Plaintiff's attorneys are prohibited from disclosing any identifying information of any Doe defendant except in a document filed under seal with the court, unless plaintiff first obtains express leave from this court.

Entered this 19th day of August, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge